**Paul SAMUELSON, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 00–35505.

D.C. No. CV–99–781–HA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Dec. 3, 2001.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM \*\*

Paul Samuelson ("Samuelson") applied for Social Security disability benefits pursuant to Title II of the Social Security Act for the period from June 21, 1996, through July 5, 1997. He alleged that he was disabled during this period as a result of a severe spinal injury and related depression. The ALJ denied Samuelson's application, finding: (1) that he was engaged in substantial gainful activity ("SGA") during the twelve-month period; and (2) that he did not suffer from an impairment which lasted at least twelve months. The district court affirmed the Commissioner's decision, and Samuelson timely appeals. We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Samuelson contends that there was not substantial evidence to support the ALJ's conclusions regarding SGA and duration of the impairment. Because Samuelson had no countable earnings before July 5, 1997, the ALJ should have developed the record fully regarding the comparability and worth of the work performed by Samuelson prior to June 21, 1997. *See* SSR 83–33. Because the record was not adequately developed, the ALJ's conclusion that Samuelson engaged in SGA prior to June 21, 1997, was not supported by substantial evidence. *See Mayes v. Massanari*, 262 F.3d 963, 968 (9th Cir.2001) (holding that the ALJ has a duty to develop the record fully and fairly). If this had been the only basis of the ALJ's decision, remand would be appropriate.

The ALJ also found, however, that Samuelson did not suffer from a severe impairment for at least twelve months. This finding is supported by substantial evidence and free from legal error.

We accept for purposes of our analysis that Samuelson's depression was related to his back injury, and we consider the combined duration of both these impairments. *See* 20 C.F.R. § 404 .1522(a) (stating that if impairments are unrelated they cannot be combined to satisfy twelve-month durational period). There is evidence in the record that, by December 1996, Samuelson stopped taking prescription pain killers and, by March 1997, he stopped receiving physical therapy outside his home for his back injury. By April 1997, two months after he began treatment for depression, Samuelson was "back to work" and "able to enjoy life more." A June 2, 1997 treat-

---

\* Larry G. Massanari, as Acting Commissioner of the Social Security Administration, is substituted for his predecessor in office pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ment note indicates that Samuelson was enjoying a "good mood" due to his increasing work activity, supporting the ALJ's finding that his depression was not a severe impairment by that time.

We have carefully considered Samuelson's remaining arguments, and have determined they do not require further discussion.

AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.